UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH ANDERSON,<br>d/b/a Smokin Joes,<br><br>    Defendant. | Case No. 1:13-cv-770 |

## COMPLAINT

Plaintiff, the United States of America on behalf of the Commodity Credit Corporation of the United States Department of Agriculture, complains against defendant Joseph Anderson for non-compliance with the Fair and Equitable Tobacco Reform Act of 2004, 7 U.S.C. §§ 518–519a, and states as follows.

### Parties

1.  Plaintiff United States of America brings this lawsuit as the real party in interest based upon claims of the Commodity Credit Corporation ("CCC"), a component of the Department of Agriculture. The Department's Farm Service Agency administers the Fair and Equitable Tobacco Reform Act of 2004 ("FETRA") on behalf of the CCC. The Farm Service Agency is located at 1400 Independence Avenue, SW, Washington, DC, 20250.

2.  Defendant Joseph Anderson is a tobacco manufacturer who does business as Smokin Joes. Smokin Joes' principal place of business is located at 4900 Indian Hill Road, Lewiston, NY, 14092.

## Jurisdiction and Venue

3. Three separate statutes grant this Court jurisdiction to hear this case: 28 U.S.C. § 1331, because this action arises under the laws of the United States; 28 U.S.C. § 1345, because the United States has initiated this action; and 15 U.S.C. § 714b(c), because the United States has brought this action on behalf of the CCC.

4. Venue in this District is proper because Smokin Joes resides in this District for purposes of 28 U.S.C. § 1391(b)(1), (c), and because a substantial part of the events giving rise to this action occurred in this District, § 1391(b)(2).

## Assessments Under FETRA

5. From the 1930s through 2004, federal law regulated the production of American tobacco by setting quotas on how much could be grown and by guaranteeing a minimum price for what was grown. FETRA terminated these quota and price support programs and started to transition the American tobacco trade to a free market. 7 U.S.C. §§ 518–519a.

6. To ease their transition to a free market, FETRA provides eligible tobacco farmers with annual payments over ten years (fiscal years 2005–2014). §§ 518a, 518b. The Secretary of Agriculture, acting through the CCC, funds these payments by imposing assessments on manufacturers and importers of tobacco products during every quarter of the same ten-year period. § 518d.

7. To calculate these quarterly assessments, the CCC first projects the transition program costs for a particular year, § 518d(b)(2), then it allocates those costs among each of six classes of tobacco products (cigarettes, cigars, and so forth),

§ 518d(c), and finally it divides each class's portion of the costs among the manufacturers and importers of that class of products according to their respective market shares of the gross domestic volume of that class of products, § 518d(e), (f).

8. Manufacturers and importers subject to FETRA must submit to the CCC information necessary to compute their respective shares of gross domestic volume for each class of tobacco products. § 518d(h)(1), (h)(2). If an entity knowingly fails to provide this information, or reports false information, it can be assessed a civil penalty of up to two percent of the value of the tobacco products it manufactured or imported during the fiscal year of the violation. § 518d(h)(3).

9. Assessment payments are due at the end of each quarter. § 518d(d)(3)(A). At least thirty days before the collection date, the CCC notifies each manufacturer or importer of the amount of its assessment. § 518d(d)(1), (d)(2). The CCC assesses interest on any amounts not paid by the collection date. 7 C.F.R. § 1463.9(d).

10. Manufacturers and importers may administratively challenge the amount of any assessment within 30 business days of receiving notice of the assessment. 7 U.S.C. § 518d(i). Judicial review is available after administrative remedies are exhausted. § 518d(j).

## Defendant Smokin Joes

11. Smokin Joes has reported to the CCC that it has manufactured or imported tobacco products, including cigarettes, cigars, pipe tobacco, and roll-your-own tobacco, since fiscal year 2005. The CCC imposed assessments on Smokin Joes for each of the quarters it reported having manufactured or imported tobacco products.

12. Smokin Joes has made only partial payment of its assessments. As of June 27, 2013, Smokin Joes' outstanding balance, including late payment interest, was $2,395,521.36, all of which is currently delinquent.

## Claim 1

13. The United States of America incorporates paragraphs 1 through 12 as if set forth here in full.

14. Smokin Joes has violated 7 U.S.C. § 518d by failing to pay what it owes to the CCC.

## Prayer for Relief

Wherefore, the United States of America requests that this Court:

1. Enter judgment in favor of the United States of America;

2. Order the payment of all outstanding and delinquent amounts owed, as follows: $2,395,521.36, plus any assessments, interest, and/or reporting penalties that have become delinquent since June 27, 2013, and that do become delinquent pending the resolution of this action, and interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961, until paid in full;

3. Award the United States of America additional relief as the Court deems just.

Dated: July 25, 2013

Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General

ARTHUR R. GOLDBERG
Assistant Director
Federal Programs Branch

*/s/ Jonathan G. Cooper*
JONATHAN G. COOPER
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 305-7697 | Fax: (202) 616-8470
jonathan.g.cooper@usdoj.gov

*Counsel for Plaintiff*