UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JOSEPH ANDERSON,
d/b/a Smokin Joes,

        Defendant.

Case No. 1:13-cv-00770-WMS

### CONSENT DECREE

This Consent Decree is entered into between Plaintiff, the United States of America, and Defendant, Joseph Anderson d/b/a Smokin Joes ("Smokin Joes"), through their respective undersigned representatives, for the purpose of resolving all issues raised in this case. The United States and Smokin Joes (collectively, the "Parties") state as follows:

1.    From the 1930s through 2004, federal law regulated the production of American tobacco by setting quotas on how much could be grown and by guaranteeing a minimum price for what was grown. The Fair and Equitable Tobacco Reform Act of 2004 ("FETRA") terminated these quota and price support programs and started to transition the American tobacco trade to a free market. 7 U.S.C. §§ 518–519a.

2.    To ease their transition to a free market, FETRA provides eligible tobacco farmers with annual payments over ten years (fiscal years 2005–2014) as part of the Tobacco Transition Payment Program ("TTPP"). §§ 518a, 518b. The Secretary of

Agriculture, acting through the Commodity Credit Corporation ("CCC"), funds these payments by imposing assessments on manufacturers and importers of tobacco products during every quarter of the same ten-year period. § 518d.

3.    To calculate these quarterly assessments, the CCC projects the transition program costs for a particular year, § 518d(b)(2), allocates those costs among each of six classes of tobacco products (cigarettes, cigars, and so forth), § 518d(c), and then divides each class's portion among the manufacturers and importers of that class of products according to their respective market shares of the gross domestic volume of that class of products, § 518d(e), (f).

4.    Manufacturers and importers subject to FETRA must submit to the CCC information necessary to compute their respective shares of gross domestic volume for each class of tobacco products. § 518d(h)(1), (h)(2). If an entity knowingly fails to provide this information, or reports false information, it can be assessed a civil penalty of up to two percent of the value of the tobacco products it manufactured or imported during the fiscal year of the violation. § 518d(h)(3).

5.    Assessment payments are due at the end of each quarter. § 518d(d)(3)(A). At least thirty days before the collection date, the CCC notifies each manufacturer or importer of the amount of its assessment. § 518d(d)(1), (d)(2). The CCC assesses interest on any amounts not paid by the collection date. 7 C.F.R. § 1463.9(d).

6.    Smokin Joes has reported to the CCC that it has manufactured or imported tobacco products, including cigarettes, cigars, pipe tobacco, and roll-your-own

tobacco, since fiscal year 2005. The CCC imposed assessments on Smokin Joes for each of the quarters it reported having manufactured or imported tobacco products.

7.   Smokin Joes has made only partial payment of its assessments. As of June 27, 2013, Smokin Joes had an outstanding balance, with late payment interest, of $2,395,521.36, all of which is currently delinquent.

8.   It is the mutual desire of the United States and Smokin Joes to resolve all matters between them related to, or in any way arising out of, the facts alleged in the complaint, without the need for further litigation.

NOW THEREFORE, based on the agreement of the Parties, it is ORDERED, ADJUDGED, and DECREED as follows:

9.   Smokin Joes shall pay its debt of $2,395,521.36 according to the following amortization schedule, which uses an interest rate of 1.375% per year:

| No. | Due Date | Payment Amount |
|---|---|---|
| 1 | 7/1/2013 | $200,000.00 |
| 2 | 8/1/2013 | $200,000.00 |
| 3 | 9/1/2013 | $200,000.00 |
| 4 | 10/1/2013 | $200,000.00 |
| 5 | 11/1/2013 | $200,000.00 |
| 6 | 12/1/2013 | $200,000.00 |
| 7 | 1/1/2014 | $200,000.00 |
| 8 | 2/1/2014 | $200,000.00 |
| 9 | 3/1/2014 | $200,000.00 |
| 10 | 4/1/2014 | $200,000.00 |
| 11 | 5/1/2014 | $200,000.00 |
| 12 | 6/1/2014 | $200,000.00 |
| 13 | 7/1/2014 | $13,485.24 |

All payments shall be made to the United States via Pay.gov. If any installment in the amortization schedule becomes due before this Consent Decree is entered, then

that amount shall be paid by the first due date occurring after the Consent Decree is entered (for example, if this consent decree is entered on July 30, 2013, then the first and second installments would both be due by August 1, 2013). In addition to the payments listed on the amortization schedule, Smokin Joes shall also pay, by July 1, 2014, any late payment interest that accrues between June 28, 2013, and the first due date occurring after the Court enters this Consent Decree, and Smokin Joes shall pay 1.375% interest per year on any unpaid portion of that late payment interest until it is paid in full.

10.   If any payment required under Paragraph 9 is not made in full and on time, and if any late payment is not submitted within fifteen calendar days of the CCC sending Smokin Joes written notice of Smokin Joes' failure to make a timely payment, then the total outstanding debt and all accrued interest will become instantly due and payable. The United States may, without notice, collect the outstanding debt using any method, including, but not limited to, administrative offset from payments due Smokin Joes from any federal agency.

11.   Smokin Joes shall also timely pay in full all assessments the CCC has imposed or does impose upon Smokin Joes for the quarter ending June 30, 2013, through the termination of the TTPP in 2014. In the event Smokin Joes fails to fully and timely pay any such assessment, and if any late payment is not submitted within fifteen calendar days of the CCC sending Smokin Joes written notice of Smokin Joes' failure to make a timely payment, then the total outstanding debt and all accrued interest, as well as any unpaid portion of any assessment imposed on or

after June 1, 2013, plus interest, will become instantly due and payable. The United States may, without notice, collect the outstanding debt using any method, including, but not limited to, administrative offset from payments due Smokin Joes from any federal agency.

12.   In the event the CCC receives information indicating that an assessment imposed upon Smokin Joes from the inception of the TTPP through the quarter ending March 31, 2013, has been miscalculated, the CCC retains the right to adjust that assessment. If an adjustment results in an assessment higher than the assessment originally imposed for that quarter, Smokin Joes shall be liable for that higher amount. If an adjustment results in an assessment that is lower than the assessment originally imposed for that quarter, Smokin Joes shall receive a credit that will apply towards future assessments. The adjustment of an assessment imposed upon Smokin Joes from the inception of the TTPP through the quarter ending March 31, 2013, will not affect the amount or schedule of the payments required under Paragraph 9.

13.   Within ten calendar days of receipt of the final payment set forth in Paragraph 9 of this Consent Decree, the United States, by its counsel, shall file with the Court a notice indicating that the agreed payments have been made and satisfied. The United States shall, at that time, release Smokin Joes from any further civil liability under FETRA for Smokin Joes' failure to pay in full the assessments imposed on it on or before March 31, 2013. Nothing in this Paragraph, however, shall be construed to release Smokin Joes from liability for any

assessments imposed upon Smokin Joes after March 31, 2013, including but not limited to (1) any assessments imposed upon Smokin Joes for the quarter ending June 30, 2013, through the final quarter of the TTPP; and (2) any additional assessments imposed upon Smokin Joes for the quarters from the inception of the TTPP through the quarter ending March 30, 2013, that result from the CCC's receipt of information indicating that Smokin Joes' assessments for those quarters had been miscalculated.

14.   Smokin Joes shall timely provide all information required to be submitted under 7 U.S.C. § 518d(h), until the termination of the TTPP in 2014.

15.   Each of the Parties to this Consent Decree shall bear its own attorney's fees and costs, including the preparation and performance of this Consent Decree.

16.   If any provision of this Consent Decree is determined to be invalid or unenforceable for any reason, then that provision shall be treated as severed from the remainder of this Consent Decree and shall not affect the validity and enforceability of the other provisions of this Consent Decree, as long as the severance does not materially change the Parties' rights and obligations.

17.   This Consent Decree represents the entire understanding and agreement of the Parties. There are no oral or other understandings between the Parties with respect to any matter or claim that is the subject of this lawsuit or of this Consent Decree.

18.   The Parties enter into this Consent Decree freely and voluntarily, and Smokin Joes hereby agrees and promises that it shall not seek to rescind this

- 6 -

Consent Decree on the grounds of coercion, duress, mistake, or any other basis after execution of this Consent Decree.

19.   The Parties to this action have the legal authority to enter into this Consent Decree, and each Party has authorized its undersigned representative to execute this Consent Decree on its behalf.

For Joseph Anderson,
d/b/a Smokin Joes

/s/ Brian D. Gwitt
BRIAN D. GWITT
Damon Morey LLP
The Avant Building – Suite 1200
200 Delaware Avenue
Buffalo, NY 14202-2150
p. (716) 858-3793
f. (716) 856-5510
m. (716) 861-2881

Counsel for Defendant

For the United States of America

STUART F. DELERY
Acting Assistant Attorney General

ARTHUR R. GOLDBERG
Assistant Director
Federal Programs Branch

/s/ Jonathan G. Cooper
JONATHAN G. COOPER
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 305-7697
Fax: (202) 616-8470
jonathan.g.cooper@usdoj.gov

Counsel for Plaintiff

IT IS SO ORDERED, this 18th day of October, 2013.

WILLIAM M. SKRETNY
Chief United States District Judge
for the Western District of New York

- 7 -